1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   TRUSTEES ON BEHALF OF TEAMSTERS          No. C-04-02827 MMC
     BENEFIT TRUST,
12                                            **ORDER GRANTING PLAINTIFF'S
                  Plaintiff,                  AMENDED MOTION FOR DEFAULT
13                                            JUDGMENT; VACATING HEARING**
        v.
14
     CRESCENT TRUCK LINES, INC., a
15   California Corporation,                  (Docket No. 23)

16                Defendant
     _____/
17

18        Before the Court is the amended motion, filed March 17, 2005 by plaintiff Trustees on

19   Behalf of Teamsters Benefit Trust, for default judgment against defendant Crescent Truck

20   Lines, Inc.  Defendant has never appeared in the action, and no opposition has been filed.

21   Having considered the papers filed in support of the motion, the Court finds the matter

22   appropriate for decision without a hearing, see Civ. L.R. 7-1(b), and hereby VACATES the

23   April 22, 2005, hearing on the motion.  For the reasons set forth below, plaintiff's motion for

24   default judgment is GRANTED.

25                                   **BACKGROUND**

26        Plaintiff filed the instant action against defendant on July 13, 2004.  Service was

27   effected upon defendant on November 30, 2004.  (See Declaration of Costa Kerestenzis

28   ("Kerestenzis Decl.") ¶ 12.)  To date, defendant has not responded to the complaint, and

United States District Court

For the Northern District of California

default was entered on December 29, 2004.  Plaintiff initially filed a motion for default judgment on February 4, 2005, which the Court denied, without prejudice to plaintiff's filing an amended motion for default judgment.

On March 17, 2005, plaintiff filed its amended motion for default judgment.

**LEGAL STANDARD**

A decision to grant or deny default judgment lies within the court's sound discretion. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  Upon default, the well-pleaded allegations of the complaint are taken as true, except for allegations as to the amount of damages.  See TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (citing Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977)).  Consequently, before a court may enter default judgment, the plaintiff must "prove up" damages.  See, e.g., William W Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 6:80 (2004).  Relief is limited to the plaintiff's demand as specified in the complaint.  See Fed. R. Civ. P. 54(c).  ("A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment.")

**DISCUSSION**

Plaintiff is a trust fund established by the Agreement and Declaration of Trust of the Teamsters Benefit Trust ("Trust Agreement").  (See Complaint ("Compl.") ¶ 3.)  Defendant is a signatory to several "subscriber's agreement[s]" with plaintiff, by which defendant agreed to be bound by the provisions of the Trust Agreement.  (See id. ¶ 6 and Ex. B.)  Pursuant to the terms of the Trust Agreement and subscriber's agreements, defendant is obligated to make monthly health and welfare contributions to plaintiff, based on the qualifying hours worked by defendant's employees in a given month, at a rate agreed upon by the parties in the subscriber's agreements.  (See id. ¶ 7 and Exs. A, B.)  Each month's contribution is due no later than the 20th day of the following month.  (See id. ¶ 7 and Ex. A Art. VIII § 2.)

The Trust Agreement provides for the assessment of liquidated damages against an employer for delinquent contributions.  (See id. ¶ 8 and Ex. A Art. VIII § 3, as amended on March 22, 1991, Amend. No. 4.)  If a contribution is paid two weeks later than the 20th day of

1   the following month, 12% of the amount due will be assessed as liquidated damages.  (See

2   id. Ex. A Art. VIII § 3, as amended March 22, 1991, Amend. No. 4; see also Declaration of

3   Nora Johnson ("Johnson Decl.") ¶¶ 8-9.)  The Trust Agreement further provides that all

4   payments received from a delinquent employer shall be applied, first, to pay the contribution

5   owed for the earliest month for which the employer is delinquent; second, to pay contributions

6   owed for each subsequent month of delinquency in chronological order; thereafter, to pay any

7   liquidated damages, interest and/or collections costs. (See Compl. Ex. A Art. VIII § 4, as

8   amended on February 8, 1991, Amend. No. 3; see also Johnson Decl. ¶ 10.)

9         In the complaint, plaintiff seeks liquidated damages in the amount of $20,714.04 owed

10  pursuant to the Trust Agreement, along with attorney's fees and costs as provided in the Trust

11  Agreement.  (See Compl. at 3:18-20.)  In the amended motion for default judgment, plaintiff

12  seeks $20,489.04 in liquidated damages and $225 in attorney's fees incurred prior to filing

13  suit, along with $10,242.14 in attorney's fees and costs incurred in litigating the instant action.

14  (See Amended Motion for Default Judgment ("AMDJ") at 1.)

15        The Court denied plaintiff's initial motion for default judgment for two reasons.  First,

16  plaintiff had failed to submit any admissible evidence as to the amount of health and welfare

17  contributions that defendant paid late, or of the amount of liquidated damages due as a result

18  of those untimely payments. (See Order Denying Plaintiff's Motion for Default Judgment

19  Without Prejudice at 1:25-27.)  Second, the calculation as to the amount of liquidated

20  damages was not adequately explained. (See id. at 2:6-20.)

21        In its amended motion, plaintiff has submitted admissible evidence, in the form of a

22  declaration from Nora Johnson ("Johnson"), Assistant Fund Manager and Director of

23  Administration, in which Johnson sets forth in detail both the amount of health and welfare

24  contributions that defendant paid late, and the amount of liquidated damages due as a result

25  of those untimely payments. (See Johnson Decl. ¶¶ 1, 9-11.)  In addition, Johnson has

26  attested to, and sufficiently explained to the Court, the terms of the Trust Agreement that

27  specify the total liquidated damages owed as a result of defendant's alleged delinquent

28  contributions.  (See id. ¶¶ 9-11.)

1    The Trust Agreement along with Johnson's declaration are sufficient to prove plaintiff's

2    entitlement to liquidated damages in the amount of $20,489.04, as well as $225 in attorney's

3    fees.  (See id. ¶¶ 11-13; Compl. Ex. A Art. VIII § 2.)

4    As noted, plaintiff seeks an additional $10,242.14 in attorney's fees and costs incurred

5    in litigating the instant action.  The Trust Agreement states: "If any legal action is instituted by

6    [plaintiff] for collection of delinquent contributions, [defendant] shall pay all court costs, interest,

7    and reasonable attorney fees."  (See id.)  Plaintiff's attorney has submitted a declaration in

8    which he attests that attorney time spent on the instant litigation is 38.3 hours and the fee

9    arrangement with plaintiff is $250 per hour, resulting in $9575 in attorney's fees.  (See

10   Kerestenzis Decl. ¶¶ 6-7 and Ex. A.)  The Court finds counsel's declaration to be sufficiently

11   detailed and the amount of fees incurred and claimed to be reasonable.  Plaintiff also seeks

12   $667.14 in costs, representing costs incurred in filing the action and in attempting to serve

13   defendant.  In his declaration, counsel lists the numerous steps taken in the effort to serve

14   defendant.  (See id. ¶ 10 and Ex. A.)  The Court finds the costs incurred to be adequately

15   supported and reasonable.

16   Accordingly, the motion for default judgment will be granted in the total amount of

17   $30,956.18, consisting of the following: $20,489.04 in liquidated damages, $9800 in

18   attorney's fees, and $667.14 in costs.

19                                        **CONCLUSION**

20   For the reasons stated above, plaintiff's motion for default judgment against defendant

21   is hereby GRANTED.  The Clerk shall enter judgment in favor of plaintiff and against

22   defendant in the amount of $30,956.18.

23   The Clerk shall close the file.

24   **IT IS SO ORDERED.**

25   Dated: April 18, 2005                           /s/ Maxine M. Chesney
                                                     MAXINE M. CHESNEY
26                                                   United States District Judge

27

28

                                            4